**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANGELA S. MICHAUD,

        Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant-Appellee.

No.   17-35994

D.C. No. 6:16-cv-01593-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted April 6, 2020[**]

Before:  TROTT, SILVERMAN and TALLMAN, Circuit Judges

Angela Michaud appeals the district court's order affirming the Social

Security Administration's denial of disability benefits.  We have jurisdiction

pursuant to 28 U.S.C. § 1291.  We review the district court order de novo and the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

administrative decision for legal error and substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014). We affirm.

The ALJ provided specific and legitimate reasons supported by substantial evidence for giving limited weight to the opinion of David Truhn, Psy.D., that Michaud could not work. *Widmark v. Barnhart*, 454 F.3d 1063, 1066-67 (9th Cir. 2006) (setting forth the standard). The opinion was inconsistent with treatment records which consistently noted normal mental status examinations, and statements by Michaud and her mother that Michaud had no problems with co-workers and supervisors. The opinion also heavily relied on Michaud's statements that she suffered from years of severe, crippling anxiety, a condition she never reported to her providers and those providers never observed. The ALJ reasonably evaluated Dr. Truhn's opinion regarding the somatic symptom disorder. The ALJ could give less weight to the opinion for these reasons. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

The opinions of the doctors who reviewed the record and cited to the objective mental health findings of treating physicians provided substantial evidence to support the ALJ's finding of mild mental health limitations. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

The ALJ also gave clear and convincing reasons supported by substantial evidence for finding that Michaud was not entirely credible. *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015) (setting forth the standard). Michaud's subjective complaints were inconsistent with the objective observations and findings of her treating physicians and with her other statements in the record. The ALJ could rely on these reasons. *Molina*, 674 F.3d at 1112-13. The ALJ could also consider Michaud's work history. *Thomas*, 278 F.3d at 959.

The ALJ properly incorporated the credible mental and physical limitations into the residual functional capacity assessment and questions posed to the vocational expert. Michaud's remaining claims also lack merit. *Buck*, 869 F.3d at 1048-49; *Bayliss*, 427 F.3d at 1217-18.

**AFFIRMED.**